# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ross **Gilson**, *et al.*, <br><br> *Plaintiff(s);* <br><br> *vs.* <br><br> City of **Philadelphia**, <br><br> *Defendant.* | *No.* 23-cv-1734 |

# ORDER

**AND NOW**, this _____ day of _____, 2023, upon consideration of the Defendant City of Philadelphia's Motion for Extension, and Plaintiffs' response thereto, this Court hereby **PARTIALLY GRANTS** the motion, and **ORDERS** Defendant City of Philadelphia to answer Plaintiffs' Complaint on or before June 13th 2023.

**BY THE COURT:**

_____

**TIMOTHY J. SAVAGE, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ross **Gilson**, *et al.*,<br><br>*Plaintiff(s);*<br><br>vs.<br><br>City of **Philadelphia**,<br><br>*Defendant.* | *No.* 23-cv-1734 |

## PLAINTIFFS' OPPOSITION TO CITY'S EXTENSION OF TIME

The City of Philadelphia was required to respond to Plaintiffs' complaint yesterday. It did not do so, nor did it explain why it could not.

The City was served with the summons and complaint in this matter on May 8th 2023. ECF # 5. As a courtesy on that same day, the City Solicitor, the Chief Deputy City Solicitor of the City's Affirmative & Special Civil Litigation unit, and a Divisional Deputy City Solicitor was served with all relevant documents via email. *Ex. A*. Last Thursday, May 25th 2023, the City requested an extension from Plaintiffs' counsel, seeking an extension to respond until June 13th. *Ex. B*. Plaintiffs' Counsel advised the City they opposed any extension. *Id*.

The Rules of Civil Procedure provide the City with 21 days to respond after service. FED. R. CIV. P. 12 (a) (1). Instead, after the close of business on the day of the deadline, the City presents this Court with a motion for additional time, attempting to demand an extension it is not entitled to.

As an initial matter, the City fails to make any showing of 'good cause': It does not explain why it needs additional time to respond to Plaintiffs' complaint—consisting of 26 paragraphs of allegations on 7 pages. Instead, it merely points to a later filed case against the

City, claiming: "The City is currently assessing the issued raised by these related suits, and further determining whether seeking Court designation of them as related matters would best serve the interests of efficiency for all involved." Why the City has not done that already it does not– and cannot– explain.

Further, the rules are clear: The City was required to respond by May 30th 2023. The filing of a motion for extension of time does not toll the deadline for a response. The City could have—and should have—filed this motion last week when it was informed of Plaintiffs opposition. It did not do so. Instead, the City delayed, knowing it could force this Court to grant its extension by *fait accompli*. The City should not be rewarded for this act.

The City is now in default. As a practical matter, the undersigned recognizes this Court will not so sanction the Defendants despite Plaintiffs' opposition to the City's gamesmanship. Therefore, Plaintiffs seek this Court order the City to **only** answer the complaint, having waived its opportunity to file any other motion by its failure to follow the rules.

The City did not timely file any responsive motion as it was required to do by Rule 12. Further, there is no basis for the City to file any such motion, and the City would be doing so only to delay the resolution of this lawsuit. Therefore, it should not be allowed to do so.

The City has not shown any reason for an extension, and therefore Plaintiffs' respectfully request this Court order the City to answer the complaint on or before June 13th 2023.

Respectfully Submitted,

_____

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com

**Daniel. J. Auerbach**, Esq.
AUERBACH PLLC
Pennsylvania Bar # 316856
241 South 6th Street # 1902B
Philadelphia, Pennsylvania, 19106
+1 (215) 983-6966
dan@auerbach.llc

*Attorneys for Plaintiffs*

# EXHIBIT A

Courtesy Email of Case Documents

# Gilson v. City of Philadelphia (E.D. Pa. No. 2:23-cv-01734-TJS)

---

From: **Dan Auerbach** I dan@auerbach.llc                                  Monday, May 8 at 3:39 PM

   To:  **diana.cortes@phila.gov** I diana.cortes@phila.gov
   Cc:  **benjamin.field@phila.gov** I benjamin.field@phila.gov, **lydia.furst@phila.gov** I lydia.furst@phila.gov, **Andrew Austin** I austin@stackhousegroup.com

Solicitor Cortes:

I hope you're doing well!

We brought suit under 42 U.S.C. § 1983, alleging that § 10-820 of The Philadelphia Code (banning public use or possession of a "Cutting Weapon") violates the Second Amendment. We served the Complaint this afternoon. The filings to date are attached.

Would anyone from the City be available to discuss the suit and potential resolution?


Dan Auerbach, Sole Member
Auerbach PLLC
241 South 6th Street, #1902B
Philadelphia, PA 19106
(215) 983-6966 (cell)
dan@auerbach.llc

*This email may contain confidential information. If you are not this email's intended recipient, please note that any use, reproduction, or distribution of this email and any attachments is strictly prohibited. If you are not the intended recipient of this email, please delete it immediately.*

---

Exhibit A                                                                                                                                  5

# EXHIBIT B

Email Chain between Plaintiffs' Counsel and City Law Department

## Dan Auerbach

**From:** Dan Auerbach
**Sent:** Thursday, May 25, 2023 3:43 PM
**To:** Renee Garcia
**Cc:** Andrew Austin
**Subject:** Re: Knife Case

Renee:

I hope you're doing well!

We don't intend to seek consolidation with the copycat suit. We haven't heard anything from plaintiffs' counsel in that matter.

We oppose any extension of the deadline to respond to our Complaint. The City should simply answer so that the parties can file cross motions for judgment on the pleadings. That is the appropriate and efficient manner to resolve the controversy. If the City wishes to make proceedings more inefficient, difficult, and time-consuming by filing a motion to dismiss, we won't consent to an extension to permit the City to further delay the matter. And the City should be able to answer within the existing deadline.

---

**From:** Renee Garcia <Renee.Garcia@Phila.gov>
**Sent:** Thursday, May 25, 2023 3:21:33 PM
**To:** Dan Auerbach <dan@auerbach.llc>
**Subject:** Knife Case

Good afternoon, Dan,

Your new matter came in while I was out on medical leave, and so I am late in connecting with you. I assume you are aware of the second Knife case that was filed in EDPA? Any sense of whether plaintiffs will or will not ask for consolidation?

Additionally, as our response to the second case is due on June 13th, we are requesting an extension to respond to your complaint to that date. Please advise whether you consent.

I am sure we will otherwise be in touch soon.

Thank you,
Renee

**Renee Garcia**
Chair, Litigation
City of Philadelphia Law Department
1515 Arch Street, 17th floor
Philadelphia, PA 19102
**phone:** 215-683-5038
**cell:** 215-300-6815
**email:** renee.garcia@phila.gov

1

Exhibit B                                                                                                                                    7

www.phila.gov/law
Pronouns: she/her

2

Exhibit B                                                                                                                              8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this **Plaintiffs' Opposition to City's Extension of Time** and any accompanying memorandum or other documents upon the Defendant or its Attorneys of Record via electronic case filing on **Wednesday, May 31st 2023**.

Respectfully Submitted,

**Andrew B. Austin**, Esq.
Pennsylvania Bar # 323768
P.O. Box # 54628
Philadelphia, Pennsylvania, 19148
+1 (610) 656-1956
austin@stackhousegroup.com